**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| JENNY ZAMBRANO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:09-cv-000996 (CMH) |
| | ) |
| HSBC BANK USA, N.A., as Trustee under | ) |
| the Pooling and Servicing Agreement | ) |
| dated August 1, 2006, Fremont Home | ) |
| Loan Trust 2006-B, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER TO AMENDED COMPLAINT

Defendants HSBC Bank USA, N.A., as Trustee under the Pooling and Servicing

Agreement dated as of August 12, 2006, Fremont Home Loan Trust 2006-B ("HSBC"); Litton

Loan Servicing LP ("Litton"); Wells Fargo Bank, N.A., as Master Servicer on behalf of Fremont

Home Loan Trust 2006-B ("Wells Fargo");[1] Mortgage Electronic Registration Systems, Inc.

("MERS");[2] Glasser and Glasser, P.L.C. ("Glasser & Glasser"); John & Jane Doe Certificate

Holders I-M Fremont Home Loan Trust 2006-B; Jack & Jill Doe Certificate Holders I-M; and

Qui Chi Doe Association, corporations/entities I-M (collectively, the "Defendants"), by counsel,

by counsel, submit this Answer to Plaintiff's First Amended Complaint.

---

[1] Plaintiff inaccurately named "Wells Fargo Bank, N.A., as Investor, Individually and as Trust Administrator, Jointly and Severally" as a party defendant in this action.  Wells Fargo Bank, N.A., *as Master Servicer on behalf of Fremont Home Loan Trust 2006-B* is the proper party defendant.

**PARTIES**

1.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 1 of the Amended Complaint, and, therefore, must deny the same.

2.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 2 of the Amended Complaint, and, therefore, must deny the same.

3.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3 of the Amended Complaint, and, therefore, must deny the same.

4.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4 of the Amended Complaint, and, therefore, must deny the same.

5.       In response to the allegations contained in paragraph 5 of the Amended Complaint, Defendants state that HSBC is a nationally chartered bank with its headquarters located in New York, New York.  Defendants state further that HSBC regularly transacts business in the Commonwealth of Virginia.

6.       Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of the Amended Complaint, and, therefore, must deny the same.

7.       In response to the allegations contained in paragraph 7 of the Amended Complaint, Defendants state that Litton is a limited partnership existing and organized under the

---

[2] Defendant MERS appears as Nominee for HSBC Bank USA, N.A., as Trustee under the Pooling and Servicing Agreement dated as of August 12, 2006, Fremont Home Loan Trust 2006-B.

laws of the State of Delaware.  Litton's principal place of business is Houston, Texas (not

Delaware, as alleged by Plaintiff).  Defendants state further that Litton is licensed to and

regularly does transact business in the Commonwealth of Virginia.

8.      In response to the allegations contained in paragraph 8 of the Amended

Complaint, Defendants state that Wells Fargo is a nationally associated bank with its

headquarters located in San Francisco, CA.  Defendants further state that Wells Fargo regularly

transacts business in the Commonwealth of Virginia.  The remaining allegations contained in

paragraph 8 of the Amended Complaint are legal conclusions to which no response is required.

To the extent those allegations are contrary to law, they are denied.

9.      In response to the allegations contained in paragraph 9 of the Amended

Complaint, Defendants state that Glasser & Glasser is a professional limited corporation existing

and organized under the laws of the Commonwealth of Virginia, and licensed to and regulating

does transact business in Virginia.  The remaining allegations in paragraph 9 of the Amended

Complaint are legal conclusions to which no response is required.

10.     Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations contained in paragraph 10 of the Amended Complaint, and, therefore,

must deny the same.

11.     In response to the allegations contained in paragraph 11 of the Amended

Complaint, Defendants state that MERS is a Delaware corporation with its headquarters located

in Virginia.  MERS is licensed to and regularly does transact business in Virginia.

12.     Defendants lack knowledge or information sufficient to form a belief about the

truth of the allegations contained in paragraph 12 of the Amended Complaint, and, therefore,

must deny the same.

13.     Plaintiff does not assert any legal or factual allegations in paragraph 13 of the Amended Complaint, therefore, no response is necessary.  To the extent any response is necessary, such allegations are denied.

14.     Plaintiff does not assert any legal or factual allegations in paragraph 14 of the Amended Complaint, therefore, no response is necessary.  To the extent any response is necessary, such allegations are denied.

15.     Plaintiff does not assert any legal or factual allegations in paragraph 15 of the Amended Complaint, therefore, no response is necessary.  To the extent any response is necessary, such allegations are denied.

JURISDICTION AND VENUE

16.     The allegations contained in paragraph 16 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

17.     The allegations contained in paragraph 17 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

18.     The allegations contained in paragraph 18 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

19.     The allegations contained in paragraph 19 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

### FACTS

20.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20 of the Amended Complaint, and, therefore, must deny the same.

21.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21 of the Amended Complaint, and, therefore, must deny the same.

22.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of the Amended Complaint, and, therefore, must deny the same.

23.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23 of the Amended Complaint, and, therefore, must deny the same.

24.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Amended Complaint, and, therefore, must deny the same.

25.      The allegations contained in paragraph 25 of the Amended Complaint regarding alleged "inaccurate and fraudulent activities" are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 25 of the Amended Complaint, and, therefore, must deny the same.

26.     The allegations contained in paragraph 26 and subsections 26a through 26f of the Amended Complaint regarding statements made in the loan documents refer to documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 26 and subsections 26a through 26f of the Amended Complaint, and, therefore, must deny the same.

27.     The allegations contained in paragraph 27 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28 of the Amended Complaint, and, therefore, must deny the same.

29.     The allegations contained in paragraph 29 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

30.     The allegations contained in paragraph 30 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

31.     The allegations contained in paragraph 31 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

32.     The allegations contained in paragraph 32 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

33.     The allegations contained in paragraph 33 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

34.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of the Amended Complaint, and, therefore, must deny the same.

35.     The allegations contained in paragraph 35 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

36.     The allegations contained in paragraph 36 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

37.     The allegations contained in paragraph 37 of the Amended Complaint refer to documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.  The remaining allegations contained in paragraph 37 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

38.     The allegations contained in paragraph 38 of the Amended Complaint refer to documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.  The remaining allegations contained in

paragraph 38 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

39.     The allegations contained in paragraph 39 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

40.     The allegations contained in paragraph 40 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

41.     The allegations contained in paragraph 41 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

42.     The allegations contained in paragraph 42 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

43.     The allegations contained in paragraph 43 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

44.     The allegations contained in paragraph 44 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

45.     The allegations contained in paragraph 45 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.  The remaining allegations contained

in paragraph 45 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

46.     The allegations contained in paragraph 46 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

47.     The allegations contained in paragraph 47 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.  The remaining allegations contained in paragraph 47 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

48.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 48 of the Amended Complaint, and, therefore, must deny the same.

49.     In response to the allegations contained in paragraph 49 of the Amended Complaint, Defendants admit that the first loan at issue was securitized as part of the Fremont Home Loan Trust 2006-B, pursuant to the Pooling and Servicing Agreement dated as of August 12, 2006.

50.     The allegations contained in paragraph 50 of the Amended Complaint refer to loan documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.  The remaining allegations contained in paragraph 50 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

51.     Defendants deny the allegations contained in paragraph 51 of the Amended Complaint.

52.     The allegations contained in paragraph 52 of the Amended Complaint refer to documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

53.     In response to the allegations contained in paragraph 53 of the Amended Complaint, Defendants state that the servicing rights of the "subject first loan" were transferred to Defendant Litton in May of 2008.

54.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 54 of the Amended Complaint regarding Plaintiff's knowledge of servicing dates, and, therefore, must deny the same.

55.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 55 of the Amended Complaint because Plaintiff fails to identify which demands to which she refers.  Therefore, Defendants must deny the same.

56.     Defendants deny the allegations contained in paragraph 56 of the Amended Complaint.

57.     The allegations contained in paragraph 57 of the Amended Complaint refer to documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.  The remaining allegations contained in paragraph 57 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

58.     The allegations contained in paragraph 58 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

59.     The allegations contained in paragraph 59 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

60.     The allegations contained in paragraph 60 of the Amended Complaint refer to documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

61.     The allegations contained in paragraph 61 of the Amended Complaint refer to documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.  The remaining allegations contained in paragraph 61 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

62.     The allegations contained in paragraph 62 of the Amended Complaint refer to documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.  The remaining allegations contained in paragraph 62 of the Amended Complaint are legal conclusions to which no response is necessary. To the extent the allegations are contrary to the law, they are denied.

63.     Defendants admit the allegations contained in paragraph 63 of the Amended Complaint.

64.     In response to the allegations contained in paragraph 64, Defendants admit only that the property was sold at the April 15, 2009 foreclosure for the sum of $92,500.00.  The

remaining allegations contained in paragraph 64 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

65.     Defendants admit the allegations contained in paragraph 65 of the Amended Complaint.

66.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 66 of the Amended Complaint, and, therefore, Defendants must deny the same.

67.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 67 of the Amended Complaint, and, therefore, Defendants must deny the same.

68.     Defendants deny the allegations contained in paragraph 68 of the Amended Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Amended Complaint.

70.     Defendants deny the allegations contained in paragraph 70 of the Amended Complaint.

71.     In response to the allegations contained in paragraph 71 of the Amended Complaint, Defendants admit that Plaintiff stopped paying her mortgage payments and Defendants foreclosed on the property.

72.     Defendants deny the allegations contained in paragraph 72 of the Amended Complaint.

73.     The allegations contained in paragraph 73 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

74.     Defendants deny the allegations contained in paragraph 74 of the Amended Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Amended Complaint.

76.     The allegations contained in paragraph 76 of the Amended Complaint refer to documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

77.     The allegations contained in paragraph 77 of the Amended Complaint refer to documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

78.     The allegations contained in paragraph 78 of the Amended Complaint refer to documents which speak for themselves, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

79.     The allegations contained in paragraph 79 of the Amended Complaint are admitted.

80.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 80 of the Amended Complaint, and, therefore, Defendants must deny the same.

81.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 81 of the Amended Complaint, and, therefore, Defendants must deny the same.

82.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 82 of the Amended Complaint, and, therefore, Defendants must deny the same.

83.     The allegations contained in paragraph 83 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

84.     The allegations contained in paragraph 84 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

85.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 85 of the Amended Complaint, and, therefore, Defendants must deny the same.

86.     In response to the allegations contained in paragraph 86 of the Amended Complaint, Defendants admit that the General District Court granted judgment for possession to Defendant HSBC.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 86 of the Amended Complaint, and, therefore, Defendants must deny the same.

87.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 87 of the Amended Complaint, and, therefore, Defendants must deny the same.

88.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 88 of the Amended Complaint, and, therefore, Defendants must deny the same.

89.     The allegations contained in paragraph 89 of the Amended Complaint refer to a document, namely, the General District Court's Order, which speaks for itself, and to which no response is required.  To the extent the allegations vary from these documents, they are denied.

### COUNT I -- TILA VIOLATIONS

90.     In response to the allegations contained in paragraph 90 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

91.     Defendants deny the allegations contained in paragraph 91, including subparts 91a through 91h.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 91 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

### COUNT II -- VIOLATION OF THE FDCPA

92.     In response to the allegations contained in paragraph 92 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

93.     Defendants deny the allegations contained in paragraph 93 of the Amended Complaint.

94.     Defendants deny the allegations contained in paragraph 94 of the Amended Complaint.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph

directly following paragraph 94 and state further that Plaintiff is entitled to no relief whatsoever

from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

COUNT III -- VIOLATIONS OF RESPA

95.     In response to the allegations contained in paragraph 95 of the Amended

Complaint, Defendants incorporate and re-assert the responses contained in the foregoing

paragraphs as if fully stated herein.

96.     The allegations contained in paragraph 96 of the Amended Complaint are legal

conclusions to which no response is necessary.  To the extent the allegations are contrary to the

law, they are denied.

97.     Defendants deny the allegations contained in paragraph 97 of the Amended

Complaint.

98.     Defendants deny the allegations contained in paragraph 98 of the Amended

Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the Amended

Complaint.

100.    The allegations contained in paragraph 100 of the Amended Complaint are legal

conclusions to which no response is necessary.  To the extent the allegations are contrary to the

law, they are denied.

101.    The allegations contained in paragraph 101 of the Amended Complaint are legal

conclusions to which no response is necessary.  To the extent the allegations are contrary to the

law, they are denied.  Defendants further deny the allegations stated in the "WHEREFORE"

paragraph directly following paragraph 101 and state further that Plaintiff is entitled to no relief

whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

### COUNT IV -- DECLARATORY ACTION -- WRONGFUL FORECLOSURE

102.     In response to the allegations contained in paragraph 102 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

103.     Defendants deny the allegations contained in paragraph 103 of the Amended Complaint.

104.     Defendants deny the allegations contained in paragraph 104 of the Amended Complaint. Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 104 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

### COUNT V -- UNJUST ENRICHMENT

105.     In response to the allegations contained in paragraph 105 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

106.     Defendants deny the allegations contained in paragraph 106 of the Amended Complaint.

107.     In response to the allegations contained in paragraph 107 of the Amended Complaint, Defendants admit that interest accrued on the loan at issue pursuant to the promissory note and fees were assessed on Plaintiff's account until the foreclosure. Defendants deny that they "collected substantial fees from the origination of the loan."

108.     Defendants deny the allegations contained in paragraph 108 of the Amended Complaint.

109.     Defendants deny the allegations contained in paragraph 109 of the Amended Complaint.

110.     Defendants deny the allegations contained in paragraph 110 of the Amended Complaint.

111.     Defendants deny the allegations contained in paragraph 111 of the Amended Complaint.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 111 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

### COUNT VI -- DECLARATORY JUDGMENT (ILLEGAL GAMBLING)

112.     In response to the allegations contained in paragraph 112 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

113.     Defendants deny the allegations contained in paragraph 113 of the Amended Complaint.

114.     In response to the allegations contained in paragraph 114 of the Amended Complaint, Defendants admit that the first loan at issue was securitized as part of the Fremont Home Loan Trust 2006-B, pursuant to the Pooling and Servicing Agreement dated as of August 12, 2006.

115.     Defendants deny the allegations contained in paragraph 115 of the Amended Complaint.

116.    Defendants deny the allegations contained in paragraph 116 of the Amended Complaint.

117.    The allegations contained in paragraph 117 of the Amended Complaint refer to a Virginia statute, which speaks for itself, and, therefore, no response is required.  To the extent the allegations misstate the statute, they are denied.

118.    Defendants deny the allegations contained in paragraph 118 of the Amended Complaint.

119.    Defendants deny the allegations contained in paragraph 119 of the Amended Complaint.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 119 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

**COUNT VII -- DECLARATORY ACTION (ILLEGAL GAMBLING ACCESSORIES)**

120.    In response to the allegations contained in paragraph 120 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

121.    Defendants deny the allegations contained in paragraph 121 of the Amended Complaint.

122.    In response to the allegations contained in paragraph 122 of the Amended Complaint, Defendants admit that the first loan at issue was securitized as part of the Fremont Home Loan Trust 2006-B, pursuant to the Pooling and Servicing Agreement dated as of August 12, 2006.

123.    Defendants deny the allegations contained in paragraph 123 of the Amended Complaint.

124.     Defendants deny the allegations contained in paragraph 124 of the Amended Complaint.

125.     The allegations contained in paragraph 125 of the Amended Complaint refer to a Virginia statute, which speaks for itself, and, therefore, no response is required.  To the extent the allegations misstate the statute, they are denied.

126.     Defendants deny the allegations contained in paragraph 126 of the Amended Complaint.

127.     Defendants deny the allegations contained in paragraph 127 of the Amended Complaint.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 127 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

## COUNT VIII -- DECLARATORY ACTION -- PYRAMID SCHEME

128.     In response to the allegations contained in paragraph 128 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

129.     Defendants deny the allegations contained in paragraph 129 of the Amended Complaint.

130.     Defendants deny the allegations contained in paragraph 130 of the Amended Complaint.

131.     Defendants deny the allegations contained in paragraph 131 of the Amended Complaint.

132.     Defendants deny the allegations contained in paragraph 132 of the Amended Complaint.

133.     Defendants deny the allegations contained in paragraph 133 of the Amended Complaint.

134.     The allegations contained in paragraph 134 of the Amended Complaint refer to a Virginia statute, which speaks for itself, and, therefore, no response is required.  To the extent the allegations misstate the statute, they are denied.

135.     The allegations contained in paragraph 135 of the Amended Complaint refer to a Virginia statute, which speaks for itself, and, therefore, no response is required.  To the extent the allegations misstate the statute, they are denied.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 135 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

## COUNT IX -- FRAUD -- UNTRUE AND DECEPTIVE PRACTICES

136.     In response to the allegations contained in paragraph 136 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

137.     Defendants deny the allegations contained in paragraph 137 of the Amended Complaint.

138.     Defendants deny the allegations contained in paragraph 138 of the Amended Complaint.

139.     Defendants deny the allegations contained in paragraph 139 of the Amended Complaint.

140.     Defendants deny the allegations contained in paragraph 140 of the Amended Complaint.

141.     The allegations contained in paragraph 141 of the Amended Complaint refer to a Virginia statute, which speaks for itself, and, therefore, no response is required.  To the extent the allegations misstate the statute, they are denied.  The remaining allegations in paragraph 141 are denied.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 141 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

### COUNT X -- TILA/VA CODE § 18.2-242.1 - PROHIBITED REFERRAL TRANSACTIONS

142.     In response to the allegations contained in paragraph 142 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

143.     Defendants deny the allegations contained in paragraph 143 of the Amended Complaint.

144.     Defendants deny the allegations contained in paragraph 144 of the Amended Complaint.

145.     Defendants deny the allegations contained in paragraph 145 of the Amended Complaint.

146.     Defendants deny the allegations contained in paragraph 146 of the Amended Complaint.

147.     Defendants deny the allegations contained in paragraph 147 of the Amended Complaint.

148.     Defendants deny the allegations contained in paragraph 148 of the Amended Complaint.

149.     Defendants deny the allegations contained in paragraph 149 of the Amended Complaint.

150.     Defendants deny the allegations contained in paragraph 150 of the Amended Complaint.

151.     Defendants deny the allegations contained in paragraph 151 of the Amended Complaint.

152.     The allegations contained in paragraph 152 of the Amended Complaint refer to a Virginia statute, which speaks for itself, and, therefore, no response is required.  To the extent the allegations misstate the statute, they are denied.

153.     Defendants deny the allegations contained in paragraph 153 of the Amended Complaint.

154.     Defendants deny the allegations contained in paragraph 154 of the Amended Complaint.

155.     Defendants deny the allegations contained in paragraph 155 of the Amended Complaint.

156.     Defendants deny the allegations contained in paragraph 156 of the Amended Complaint.

157.     Defendants deny the allegations contained in paragraph 157 of the Amended Complaint.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 157 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

## COUNT XI -- FRAUD

158.     In response to the allegations contained in paragraph 158 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

159.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 159 of the Amended Complaint, and, therefore, must deny the same.

160.     Defendants deny the allegations contained in paragraph 160 of the Amended Complaint.

161.     Defendants deny the allegations contained in paragraph 161 of the Amended Complaint.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 161 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

## COUNT XII -- NEGLIGENT SUPERVISION

162.     In response to the allegations contained in paragraph 162 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

163.     Defendants deny the allegations contained in paragraph 163 of the Amended Complaint.

164.     Defendants deny the allegations contained in paragraph 164 of the Amended Complaint.

165.     Defendants deny the allegations contained in paragraph 165 of the Amended Complaint.

166.     Defendants deny the allegations contained in paragraph 166 of the Amended Complaint.

167.     Defendants deny the allegations contained in paragraph 167 of the Amended Complaint.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 162 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

## COUNT XII NEGLIGENT SUPERVISION

168.     In response to the allegations contained in paragraph 168 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

169.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 169 of the Amended Complaint, and, therefore, must deny the same.

170.     Defendants deny the allegations contained in paragraph 170 of the Amended Complaint.

171.     Defendants deny the allegations contained in paragraph 171 of the Amended Complaint.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 171 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

## COUNT XIV -- QUIET TITLE

172.     In response to the allegations contained in paragraph 172 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

173.     Defendants deny the allegations contained in paragraph 173 of the Amended Complaint.

174.     Defendants deny the allegations contained in paragraph 174 of the Amended Complaint.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 174 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

### COUNT XV -- INJUNCTION

175.     In response to the allegations contained in paragraph 175 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

176.     The allegations contained in paragraph 176 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

177.     Defendants admit the allegations contained in paragraph 177 of the Amended Complaint.

178.     Defendants deny the allegations contained in paragraph 178 of the Amended Complaint.

179.     Defendants deny the allegations contained in paragraph 179 of the Amended Complaint.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 179 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

## COUNT XVI -- (DUE PROCESS VIOLATION)

180.     In response to the allegations contained in paragraph 180 of the Amended Complaint, Defendants incorporate and re-assert the responses contained in the foregoing paragraphs as if fully stated herein.

181.     The allegations contained in paragraph 181 of the Amended Complaint refer to Virginia statutes, which speak for themselves, and, therefore, no response is required.  To the extent the allegations misstate the statute, they are denied.

182.     The allegations contained in paragraph 182 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

183.     The allegations contained in paragraph 183 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

184.     The allegations contained in paragraph 184 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

185.     The allegations contained in paragraph 185 of the Amended Complaint refer to Amendments to the United States Constitution, which speaks for itself, and, therefore, no response is required.  To the extent the allegations misstate the statute, they are denied.

186.     The allegations contained in paragraph 186 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

187.    The allegations contained in paragraph 187 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

188.    The allegations contained in paragraph 188 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

189.    The allegations contained in paragraph 189 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

190.    The allegations contained in paragraph 190 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

191.    The allegations contained in paragraph 191 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

192.    The allegations contained in paragraph 192 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

193.    The allegations contained in paragraph 193 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

194.     The allegations contained in paragraph 194 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

195.     The allegations contained in paragraph 195 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

196.     The allegations contained in paragraph 196 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

197.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 197 of the Amended Complaint, and, therefore, must deny the same.

198.     The allegations contained in paragraph 198 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

199.     Paragraph 199 of the Amended Complaint contains no allegations, and, therefore no response is necessary.  Defendants state that Plaintiff is entitled to no relief from Defendants and has suffered no damages whatsoever.

200.     Defendants admit the allegations contained in paragraph 200 of the Amended Complaint.

201.     Defendants deny the allegations contained in paragraph 201 of the Amended Complaint.

202.     The allegations contained in paragraph 202 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

203.     The allegations contained in paragraph 203 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

204.     The allegations contained in paragraph 204 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

205.     The allegations contained in paragraph 205 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

206.     The allegations contained in paragraph 206 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

207.     The allegations contained in paragraph 207 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

208.     The allegations contained in paragraph 208 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

209.     The allegations contained in paragraph 209 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

210.     The allegations contained in paragraph 210 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

211.     The allegations contained in paragraph 211 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

212.     The allegations contained in paragraph 212 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

213.     The allegations contained in paragraph 213 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

214.     The allegations contained in paragraph 214 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

215.     The allegations contained in paragraph 215 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

216.      The allegations contained in paragraph 216 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

217.      The allegations contained in paragraph 217 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

218.      The allegations contained in paragraph 218 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

219.      The allegations contained in paragraph 219 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

220.      The allegations contained in paragraph 220 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

221.      The allegations contained in paragraph 221 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

222.      The allegations contained in paragraph 222 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

223.    The allegations contained in paragraph 223 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

224.    The allegations contained in paragraph 224 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.  Defendants state further that Plaintiff is not entitled to any relief against Defendants and Plaintiff has not suffered any damages.

225.    The allegations contained in paragraph 225 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.  Defendants state further that Plaintiff is not entitled to any relief against Defendants and Plaintiff has not suffered any damages.

226.    The allegations contained in paragraph 226 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

227.    The allegations contained in paragraph 227 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.

228.    The allegations contained in paragraph 228 of the Amended Complaint are legal conclusions to which no response is necessary.  To the extent the allegations are contrary to the law, they are denied.  Defendants further deny the allegations stated in the "WHEREFORE" paragraph directly following paragraph 228 and state further that Plaintiff is entitled to no relief whatsoever from the Defendants and that Plaintiff has not been damaged in anyway by the Defendants.

### AFFIRMATIVE AND OTHER DEFENSES

1.      Defendants aver that Plaintiff's Complaint fails to state a plausible claim against any of the Defendants upon which relief may be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009).

2.      Defendants aver that Plaintiff's claims against Defendants are merely conclusory statements, and, therefore, must be dismissed by the Court.

3.      Defendants aver that Plaintiff's claims are contrary to the unambiguous language contained in the Loan Documents, including but not limited to the Note and Deed of Trust, and therefore Plaintiff's claims must be dismissed.

4.      Defendants aver that upon Plaintiff's default on her loan obligations, the Defendants had authority to foreclosure on and sell the Property at issue pursuant to the Loan Documents, including but not necessarily limited to the Note and Deed of Trust, and Virginia statutory and common law.  Therefore, Plaintiff's claims must be dismissed.

5.      Defendants aver that the foreclosure and sale of Plaintiff's Property was conducted in accordance with and pursuant to Virginia's non-judicial foreclosure statutes, and, therefore, any attempt by Plaintiff to set aside or void the foreclosure sale must be dismissed.

6.      Defendants aver that the Court has dismissed all of Plaintiffs claims except her claims for Quiet Title and Declaratory Judgment -- Wrongful Foreclosure.

7.      Defendants aver that Plaintiff fails to state a plausible claim for relief for Quiest Title and Declaratory Judgment -- Wrongful Foreclosure.

8.      Defendants aver that all of Plaintiff's claims consist of mere conclusory statements, and, therefore, Plaintiff fails to plead sufficient factual allegations to support a single plausible claim for relief against any of the Defendants.

34

9.      Defendants aver that they are not responsible for the conduct of originators, lenders, brokers, and/or appraisers over whom Defendants had no responsibility and/or control.

10.     Defendants aver that they acted reasonably and prudently under the circumstances.

11.     Defendants aver that Plaintiff's claims may be barred in whole or in part by the applicable statute(s) of limitations and/or the doctrine of laches.

12.     Defendants aver that Plaintiff does not have a legal basis for the imposition of punitive or exemplary damages under the Constitutions of Virginia and/or the United States, and imposition of punitive damages in this case would violate both the Constitutions of Virginia and the United States.  Alternatively, any punitive damages recovered must be limited as required by the Constitutions of Virginia and/or the United States and the United States Supreme Court jurisprudence, including State Farm Mutual Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001); and BMW N.A. v. Gore, 517 U.S. 559 (1996).

13.     Defendants aver that Plaintiff's claims have been waived and/or Plaintiff is estopped in whole or in part, by the loan documentation executed by the Plaintiff.

14.     Defendants aver that Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, release, accord and satisfaction, and/or unjust enrichment.

15.     Defendants aver that some or all of Plaintiff's claims may be preempted by federal law.

16.     Defendants aver that some or all of the Plaintiff's claims may have been released.

17.     Defendants aver that Plaintiff's alleged damages were caused by factors and conduct other than and unrelated to any conduct of Defendants, including but not limited to the conduct of other entities over whom Defendants had no control.

18.     Defendants aver that any violation of any federal or state statute or common duty by Defendants, if any, was unintentional or the result of bona fide error notwithstanding the maintenance of policies and procedures reasonably adapted to avoid such errors.

19.     Defendants aver that they acted in good faith and without malice or intent to injure Plaintiff.

20.     Defendants aver that their collection actions relevant to Plaintiff's claims were not negligent in any manner whatsoever.

21.     Defendants aver that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has not suffered any actual damages or other injury.

22.     Defendants aver that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's damages, if any, were caused by her own acts or omissions, or other acts or omissions of third parties other than Defendants.

23.     Defendants aver that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's damages, if any, were caused by her own negligence or the negligence of third parties other than Defendants.

24.     Defendants aver that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to mitigate her damages.

25.     Defendants aver that the relief Plaintiff seeks would be disproportionate to Plaintiff's alleged harm, would be excessive, and would violate Defendants' constitutional rights.

26.     Defendants aver that Plaintiff's claims may be barred, in whole or in part, by the principles of res judicata, collateral estoppel, judicial estoppel, and/or the failure to assert such claims as compulsory counterclaims in prior litigation.

27.     Defendants aver that some or all of Plaintiff's claims may be barred because Plaintiff lacks standing.

28.     Defendants aver that Plaintiff's claims are barred by the plain terms of the applicable contracts, loan documents, and Deed of Trust.

29.     Defendants aver that Plaintiff's claims are barred, in whole or in part, by the doctrines of contributory and comparative fault.

30.     Defendants aver that Plaintiff's claims fail for failure to identify any legally recognized duty.

31.     Defendants aver that Plaintiff's claims may be barred by the doctrine of assumption of the risk.

32.     Defendants aver that Plaintiff's claims are barred by the terms of the relevant contracts.

33.     Defendants aver that Plaintiff's claims may be barred because Plaintiff and/or her agents failed to respond to relevant inquiries.

34.     Defendants aver that Plaintiff sustained any damages and/or that Defendants proximately caused any of Plaintiff's claimed damages.

35.     Defendants reserve the right to add additional defenses which may become known during discovery or at trial.

        WHEREFORE, Defendants HSBC Bank USA, N.A., as Trustee under the Pooling and Servicing Agreement dated as of August 12, 2006, Fremont Home Loan Trust 2006-B; Litton Loan Servicing LP; Wells Fargo Bank, N.A., as Master Servicer on behalf of Fremont Home Loan Trust 2006-B; Mortgage Electronic Registration Systems, Inc.; Glasser and Glasser, P.L.C.; John & Jane Doe Certificate Holders I-M Fremont Home Loan Trust 2006-B; Jack & Jill

Doe Certificate Holders I-M; and Qui Chi Doe Association, corporations/entities I-M, by counsel,

respectfully request the Court to dismiss Plaintiff's Amended Complaint and all claims therein

with prejudice and to render judgment in favor of Defendants on each and every claim and

request for relief in Plaintiff's Amended Complaint, denying all relief sought by Plaintiff, and

that Defendants be awarded their costs expended in defending this action, and for such other and

further relief as the Court deems appropriate.

> **HSBC BANK USA, N.A., as Trustee**
> **under the Pooling and Servicing**
> **Agreement dated as of August 12, 2006,**
> **Fremont Home Loan Trust 2006-B,**
>
> **LITTON LOAN SERVICING LP,**
>
> **WELLS FARGO BANK, N.A., as**
> **Master Servicer on behalf of**
> **Fremont Home Loan Trust 2006-B**
>
> **MORTGAGE ELECTRONIC**
> **REGISTRATION SYSTEMS, INC.,**
>
> **GLASSER AND GLASSER, P.L.C.,**
>
> **JOHN & JANE DOE**
> **CERTIFICATE HOLDERS I-M**
> **FREMONT HOME LOAN**
> **TRUST 2006-B,**
>
> **JACK & JILL DOE**
> **CERTIFICATE HOLDERS I-M, and**
>
> **QUI CHI DOE**
> **ASSOCIATION,**
> **CORPORATIONS/ENTITIES I-SM**
>
>
> By: ____/s/ Jon S. Hubbard_____
>                     Of Counsel

John C. Lynch, Esquire
Virginia State Bar No. 39276
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1504
E-mail: john.lynch@troutmansanders.com

Jon S. Hubbard, Esquire
Virginia State Bar No. 71089
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1406
Facsimile: (804) 698-5186
jon.hubbard@troutmansanders.com

*Counsel for Defendants HSBC Bank USA, N.A.,*
*as Trustee under the Pooling and Servicing*
*Agreement dated as of August 12, 2006,*
*Fremont Home Loan Trust 2006-B;*
*Litton Loan Servicing LP;*
*Wells Fargo Bank, N.A., as*
*Master Servicer on behalf*
*of Fremont Home Loan Trust 2006-B*
*Mortgage Electronic Registration Systems, Inc.;*
*Glasser and Glasser, P.L.C.;*
*John & Jane Doe Certificate Holders I-M Fremont Home Loan Trust 2006-B;*
*Jack & Jill Doe Certificate Holders I-M; and*
*Qui Chi Doe Association, corporations/entities I-M*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2010, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to:

> Christopher E. Brown, Esq.
> R. Michael Smith, Esq.
> 6269 Franconia Road
> Alexandria, Virginia 22310
> Tel: (703) 924-0223
> Fax: (703) 924-1586
> Email: brownfirm@lawyer.com
> *Counsel for Plaintiff*

> _____/s/ Jon S. Hubbard_____
> Jon S. Hubbard, Esquire
> Virginia State Bar No. 71089
> TROUTMAN SANDERS LLP
> 1001 Haxall Point
> P.O. Box 1122
> Richmond, Virginia 23218-1122
> Telephone: (804) 697-1406
> Facsimile: (804) 698-5186
> jon.hubbard@troutmansanders.com

> *Counsel for Defendants HSBC Bank USA, N.A.,*
> *as Trustee under the Pooling and Servicing*
> *Agreement dated as of August 12, 2006,*
> *Fremont Home Loan Trust 2006-B;*
> *Litton Loan Servicing LP;*
> *Wells Fargo Bank, N.A., as*
> *Master Servicer on behalf*
> *of Fremont Home Loan Trust 2006-B*
> *Mortgage Electronic Registration Systems, Inc.;*
> *Glasser and Glasser, P.L.C.;*
> *John & Jane Doe Certificate Holders I-M Fremont*
> *Home Loan Trust 2006-B;*
> *Jack & Jill Doe Certificate Holders I-M; and*
> *Qui Chi Doe Association, corporations/entities I-M*

1929216v1