IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JENNY ZAMBRANO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-cv-000996 (CMH) |
| ) | |
| HSBC BANK USA, N.A., as Trustee under ) | |
| the Pooling and Servicing Agreement ) | |
| dated August 1, 2006, Fremont Home ) | |
| Loan Trust 2006-B, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPLY MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants HSBC Bank USA, N.A., as Trustee under the Pooling and Servicing Agreement dated as of August 1, 2006, Fremont Home Loan Trust 2006-B ("HSBC"); Litton Loan Servicing LP ("Litton"); Wells Fargo Bank, N.A., as Master Servicer on behalf of Fremont Home Loan Trust 2006-B;[1] Mortgage Electronic Registration Systems, Inc.; Glasser and Glasser, P.L.C. ("Glasser & Glasser"); John & Jane Doe Certificate Holders I-M Fremont Home Loan Trust 2006-B; Jack & Jill Doe Certificate Holders I-M; and Qui Chi Doe Association, corporations/entities I-M (collectively, the "Defendants"), by counsel, pursuant to Fed. R. Civ. P. 56(b), submit this reply memorandum in support of their motion for summary judgment.

---

[1] Plaintiff inaccurately named "Wells Fargo Bank, N.A., as Investor, Individually and as Trust Administrator, Jointly and Severally" as a party defendant in this action. Wells Fargo Bank, N.A., *as Master Servicer on behalf of Fremont Home Loan Trust 2006-B* is the proper party defendant.

## INTRODUCTION

Plaintiff has failed to provide any factual evidence or persuasive legal arguments in opposition to Defendants' motion for summary judgment. Instead, Plaintiff (i) attempts to create factual "disputes" where none exist; and (ii) asserts the same erroneous legal theories that have been rejected by this Court and Virginia Circuit Courts in multiple similar lawsuits. In fact, less than a week ago, this Court granted summary judgment in an action filed by Plaintiff's counsel involving nearly identical facts and legal theories.[2] Based on the evidence and sworn testimony provided by Defendants, it is clear that Plaintiff's claims are nothing more than an attempt to stall and delay the rightful possession of the secured property at issue (the "Property"). The Court should grant Defendants' motion and dismiss Plaintiff's claims with prejudice.

## RESPONSE TO PLAINTIFF'S "DISPUTED" FACTS

In her opposition memorandum, Plaintiff attempts to avoid summary judgment by disputing factual evidence contained in the sworn declarations and documents attached to Defendants' memorandum. Rather than presenting any contradictory evidence or testimony, Plaintiff merely asserts that some of the testimony and documents *may* be untrue or inaccurate. The "mere existence of a scintilla of evidence" or "unsupported speculation" is inadequate to defeat a summary judgment motion. *Baber v. Hospital Corp. of Am.*, 977 F. 2d 872, 875 (4th Cir. 1992). Plaintiff bears the burden of "set[ting] out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). Plaintiff has failed to do so and, therefore, summary judgment should be granted to Defendants. *Id*.

---

[2] The Court's recent ruling in *Larota-Florez v. Goldman Sachs Mortgage Co.*, No. 01:09cv1181 (E.D. Va. April 8, 2010) is addressed *infra* pages ____.

### A. The "veracity" of the Note and Deed of Trust

Plaintiff "objects to the copies [of the Note attached to Defendants' memorandum] as to their veracity and wishes to inspect the original documents at the hearing for this motion." (Plfs' Opp., 3-4). Copies of the original promissory note (the "Note") and Deed of Trust were attached to Defendants' supporting memorandum as Exhibits A and B. The documents speak for themselves. Furthermore, Plaintiff's counsel has had ample opportunity to inspect the original documents prior to the hearing scheduled for this motion. In their March 11, 2010 discovery responses, Defendants told Plaintiff that "[t]he original copies of these documents are available for inspection by Plaintiff's counsel in the Richmond office of Defendants' counsel." Again, in a March 30, 2010 phone call with Plaintiff's counsel, Defendants' counsel stated that the original documents were available for counsel's inspection at a mutually agreeable date and time. To date, Plaintiff's counsel has made no effort to examine these original documents. Nonetheless, Defendants will provide the original Note and Deed of Trust for inspection at the hearing scheduled for April 23, 2010.

### B. The declaration of Judy Tidwell

Plaintiff objects to the declaration signed by Judy A. Tidwell because, according to Plaintiff, Ms. Tidwell lacks "personal knowledge of the facts" contained in the declaration. (Plfs' Opp., 4-5). Plaintiff's accusation is completely without merit and contrary to the declaration and documents submitted by Defendants. Ms. Tidwell is the Senior Litigation Processor for Defendant Litton. In her declaration, she states that she has "personal knowledge" of the matters therein, and has "reviewed the allegations contained in Plaintiff Jenny Zambrano's First Amended Complaint and ha[s] knowledge regarding the mortgage loan . . . at issue in this matter." (Defs' Memo., Ex. C).

Furthermore, the statements in Ms. Tidwell's declaration are supported by documents provided by Defendants or already in Plaintiff's possession. The Pooling and Servicing Agreement[3] ("PSA") states that the originator Fremont Investment and Loan Corp. ("Fremont") delivered, sold, and assigned the original Note bearing any necessary endorsements to HSBC, as Trustee, at or about the same time the parties entered into the PSA on August 1, 2006. (PSA, § 2.01(a)). Plaintiff cites and relies upon the PSA in her Amended Complaint (Am. Compl., ¶ 55), and, therefore, is familiar with the publicly available document. Moreover, the original Note itself bears Fremont's blank endorsement and, therefore, confirms Ms. Tidwell's statement that the Note was, in fact, endorsed by Fremont, negotiated to HSBC, and ultimately delivered by Litton to Glasser & Glasser. Plaintiff's bare accusation that Ms. Tidwell lacks personal knowledge is completely meritless.

C.     **The blank endorsement on the Note**

Plaintiff asserts that a copy of the Note attached to a bill of particulars in HSBC's unlawful detainer claim against Plaintiff allegedly lacked Fremont's endorsement and "raises a question of fact as to whether or not [endorsement] ever occurred." (Plfs' Opp., 5). Once again, the Note speaks for itself and clearly indicates that it was endorsed by Fremont on the back of page 4. Furthermore, Plaintiff's speculative accusation is contrary to the sworn testimony submitted by Defendants indicating that the Note was endorsed in blank by Fremont and delivered to HSBC *prior* to the initiation of foreclosure proceedings. Nonetheless, Defendants attach hereto as **Exhibit A** the Declaration of Stephen R. Meenan, the attorney with Glasser & Glasser that submitted the copy of the Note in the unlawful detainer action. As explained in more detail below, Fremont's blank endorsement of the Note is not included in the copy referenced by Plaintiff because it appears *on the back* of the Note. *See infra*, pages ___.

---

[3]  The PSA is a publicly available document located at http://www.secinfo.com/dsVsb.v3c.c.htm.

Plaintiff's reliance on a copy of the Note from the unlawful detainer action is nothing more than a desperate attempt to create a factual issue where none exists.

    **D.**    **Appointment of the Substitute Trustee and Execution of the Trustee's Deed**

Without any factual basis, Plaintiff disputes that HSBC had authority to appoint the substitute trustee. (Plf's Opp., 6). Plaintiff's unsupported legal conclusion cannot prevent summary judgment. Likewise, Plaintiff's erroneous conclusion that Glasser & Glasser lacked authority to execute the Trustee's Deed (Plf's Opp., 7) does not save her claim from dismissal on summary judgment.

## ARGUMENT

**I.**    **The Court should dismiss Plaintiff's claim for quiet title.**

    **A.**    **At the time of foreclosure, Defendants owned the Loan and possessed the original Note endorsed in blank.**

The evidence submitted by Defendants is conclusive: Defendants owned the Loan and possessed the original Note endorsed in blank. (Defs' Memo., 10-12). This conclusion is supported by the declarations and documents attached to Defendants' supporting memorandum. Fremont endorsed the Note in blank and delivered physical possession of the Note to HSBC as Trustee on or about August 1, 2006. (Defs' Memo., Ex. C, Litton Declaration, ¶ 3). Litton, as loan servicer for HSBC, delivered the original Note to Glasser & Glasser during the foreclosure proceedings. (Defs' Memo., Ex. C, Litton Declaration, ¶ 12); (Defs' Memo., Ex. D, Glasser Declaration, ¶ 8). Thus, the Defendants have shown a complete "chain of title" and traced possession of the blank-endorsed Note from the originator to the substitute trustee.

In response, Plaintiff attempts to create the appearance of a factual dispute by citing a copy of the Note attached to HSBC's Bill of Particulars in an unlawful detainer action in the general district court for Prince William County. (Plf's Opp., 10, Ex. E). Admittedly, that copy of the Note does not *appear* to include Fremont's endorsement; however, as explained in Defendants' memorandum, the Fremont blank endorsement is located *on the back* of page 4 of the Note. (Defs' Memo., 5 fn. 3). Therefore, the apparent lack of endorsement is easily explained as an issue caused by copying the *front* of the Note pages, but not the back of the last of the page. This is confirmed by the Declaration of Stephen R. Meenan, attached hereto as Exhibit A. In filing the Bill of Particulars in the general district court, Glasser & Glasser did not copy the back of page 4 of the Note, and, therefore, the copy referenced by Plaintiff does not show the Fremont blank endorsement. (Ex. A, Meenan Declaration, ¶ 3).[4]

Contrary to Plaintiff's assertions, there is no factual dispute as to whether the Defendants owned the Loan and possessed the blank endorsed Note at the time of the foreclosure. In fact, the only evidence properly before the Court proves that the Defendants possessed the blank-endorsed Note. Plaintiff's accusations are purely speculative and unsupported by any sworn testimony or documentation. Furthermore, Plaintiff clearly exaggerates the significance of a copy of the Note used in the unlawful detainer action. Any copy of the Note used in the general district court proceeding has little to no bearing on the instant action, since Defendants have submitted undisputed evidence showing ownership and possession. Indeed, Plaintiff lost the unlawful detainer action in the general district court, and, therefore, any dispute regarding negotiation of the Note (if it was even raised by Plaintiff) was resolved by the general district

---

[4] Mr. Meenan is the attorney with Glasser & Glasser that filed the bill of particulars on behalf of HSBC in the general district court unlawful detainer action. (Ex. A, Meenan Declaration, ¶ 2). Thus, he has direct knowledge of the copy of the Note referenced by Plaintiff.

court in favor of HSBC. Plaintiff's newly-asserted "dispute" with the original, blank-endorsed Note is yet another attempt to stall and delay Defendants' rightful possession of the Property.

**B. Defendants had authority to appoint the substitute trustee.**

The facts and evidence show that HSBC, "by its servicer Litton," appointed the substitute trustee. (Defs' Memo., Ex. C, Litton Declaration, ¶ 15). In response, Plaintiff now asserts for the first time that Litton was not authorized to appoint the substitute trustee. (Plf's Opp., 10-11). This newly asserted claim is contrary to the allegations in the Amended Complaint, the declarations and documents submitted by Defendants, and a recent decision by this Court.

There is no dispute that Litton was the loan servicer at the time it appointed the substitute trustee on behalf of HSBC. According to Tidwell, the servicing rights on the Loan were transferred from Fremont to Litton on or about May 7, 2008. (Defs' Memo., Ex. C, Litton Declaration, ¶ 7). In her Amended Complaint, Plaintiff alleges that Litton became the loan servicer on or about June 4, 2008. (Am. Compl., ¶ 53). Litton notified Plaintiff that it was the loan servicer in the June 8, 2008 letter attached hereto as **Exhibit B**.[5] Thus, regardless of the exact date that Litton became the loan servicer, the parties agree -- and the evidence shows -- that Litton was the servicer at the time Defendants appointed the substitute trustee in March of 2009.

This Court in *Larota-Florez v. Goldman Sachs Mortgage Co.*, No. 01:09cv1181 (E.D. Va. April 8, 2010) recently ruled that a loan servicer has authority to appoint the substitute trustee on behalf of the noteholder when the borrower is in default. Like the Plaintiff, the claimant in *Larota-Florez* objected to Litton's appointment of the substitute trustee as loan servicer. The Court ruled:

> Litton also has authority to foreclose on the Property as servicer of the First Note. Shortly after closing, CTX [the originator] sold the First to GSMC. By signing the First Note, Plaintiff expressly

---
[5] Defendants produced the June 8, 2008 letter from Litton to Plaintiff in their discovery responses.

7

>  agreed that CTX may transfer its authority as Lender to subsequent holders . . . .
>
> On behalf of GSMC, Avelo Mortgage, LLC . . . serviced the First Note through June 2008.  Effective July 1, 2008, the servicing of the First Note, including the right to collect payments from Plaintiffs, transferred from Avelo to Litton.  Avelo and Litton sent letters to Plaintiff notifying him of the change in the servicing of the First Note.  GSMC sold the First Note to Freddie Mac, and Litton continues to service it.  *As servicer, Litton has the right to collect payments on behalf of the holder and the right to foreclose upon default.  Therefore, Litton's appointment of Professional as substitute trustee under the Deed of Trust was authorized as a matter of contract and agency law.*
>
> Litton had authority to foreclose and exercised that authority to appoint Professional as trustee to sell the Property at foreclosure.

*Id*. at 9-10 (emphasis added).  The same is true here.  Litton became the servicer on the Loan in 2008.  Therefore, it had authority to appoint the substitute trustee on March 13, 2009.

Furthermore, the PSA explicitly authorizes the loan servicer to act as HSBC's attorney in fact in foreclosing upon the secured property.  Section 3.01 of the publicly-available PSA states:

> [T]he Trustee [HSBC] shall execute, at the written request of the Servicer, and furnish to the Servicer and any Subservicer such documents as are necessary or appropriate to enable the Servicer or any Subservicer to carry out their servicing and administrative duties hereunder, *and the Trustee hereby grants to the Servicer, and this Agreement shall constitute, a power of attorney to carry out such duties* including a power of attorney to take title to Mortgaged Properties after foreclosure on behalf of the Trustee.

PSA, § 3.01, *available at* http://www.secinfo.com/dsVsb.v3c.c.htm (emphasis added).  Thus, Litton, as loan servicer, was authorized to appoint Glasser & Glasser as substitute trustee on behalf of HSBC.  Plaintiff's assertion is contrary to her own allegations in the Amended Complaint, the relevant documents, the sworn declarations, the Court's ruling in *Larota-Florez*, and the applicable law of agency.

8

**II.     The Court should dismiss Plaintiff's claim for declaratory judgment.**

Except for Plaintiff's newly-asserted objection to the appointment of the substitute trustee, Plaintiff does not dispute that Defendants followed the necessary and appropriate procedures for foreclosing on the Property, including giving her proper notice of her default, the loan acceleration, and the date and time of the foreclosure sale. (Plf's Opp., 5-7) (admitting several points regarding the foreclosure process). Therefore, Plaintiff's declaratory claim for "wrongful foreclosure . . . in violation of law and contract" necessarily fails since Defendants followed all of the procedural requirements for foreclosing on her property.

Furthermore, in their supporting memorandum, Defendants asserted that Plaintiff's claim for declaratory judgment is inappropriate because (i) declaratory relief is prospective and (ii) the foreclosure has already occurred. (Defs' Memo., 13-14). Plaintiff's opposition memorandum fails to address this prohibitive bar to her claim, and, therefore she has effectively conceded that her declaratory judgment claim must be dismissed.

Instead of providing any evidence or law to support her declaratory judgment claim, Plaintiff now states for the first time that her declaratory judgment count "is to determine to whom Plaintiff owes her money." But Plaintiff's declaratory judgment claim -- as pleaded in the Amended Complaint -- <u>does not</u> request this information. The Amended Complaint specifically requests a declaration that Defendants committed a "wrongful foreclosure . . . in violation of law and contract." (Am. Compl., ¶ 103). Moreover, the evidence and relevant documents prove that Defendant HSBC owns the First Loan. Therefore, Defendants have proven that Plaintiff "owes her money" to HSBC or any of its authorized agents. Plaintiff's claim must be dismissed.

9

**III.     Plaintiff's legal theories have been rejected by this Court.**

As expected, Plaintiff relies on the same legal theories regarding loan securitization, "credit enhancements," and "splitting" the note from the deed of trust that have been rejected by this Court in multiple recent rulings and at least one Virginia Circuit Court. (Plf's Opp., 2-3, 12-14). Defendants cited some of these recent rulings in their supporting memorandum. (Defs' Memo., 15-18). Indeed, the Court rejected many, if not all, of the same erroneous legal theories and arguments in its recent ruling in *Larota-Florez*. 1:09-cv-01181, 11-13 (rejecting identical legal theories regarding "splitting" the note from the deed of trust, loan securitization, "credit enhancements," and double-recovery). Plaintiff's opposition memorandum merely recites these same incorrect legal theories. Defendants stand by their earlier analysis of Plaintiff's legal theories and request the Court to grant Defendants' motion and dismiss Plaintiff's claims with prejudice.

CONCLUSION

WHEREFORE, Defendants HSBC Bank USA, N.A., as Trustee under the Pooling and Servicing Agreement dated as of August 1, 2006, Fremont Home Loan Trust 2006-B; Litton Loan Servicing LP; Wells Fargo Bank, N.A., as Master Servicer on behalf of Fremont Home Loan Trust 2006-B; Mortgage Electronic Registration Systems, Inc.; Glasser and Glasser, P.L.C.; John & Jane Doe Certificate Holders I-M Fremont Home Loan Trust 2006-B; Jack & Jill Doe Certificate Holders I-M; and Qui Chi Doe Association, corporations/entities I-M, respectfully request that the Court grant their Motion for Summary Judgment and enter an Order dismissing with prejudice all of Plaintiff's claims against them and granting whatever other legal or equitable relief the Court deems appropriate.

**HSBC BANK USA, N.A., as Trustee under the Pooling and Servicing Agreement dated as of August 1, 2006, Fremont Home Loan Trust 2006-B,**

**LITTON LOAN SERVICING LP,**

**WELLS FARGO BANK, N.A., as Master Servicer on behalf of Fremont Home Loan Trust 2006-B**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,**

**GLASSER AND GLASSER, P.L.C.,**

**JOHN & JANE DOE CERTIFICATE HOLDERS I-M FREMONT HOME LOAN TRUST 2006-B,**

**JACK & JILL DOE CERTIFICATE HOLDERS I-M, and**

**QUI CHI DOE ASSOCIATION, CORPORATIONS/ENTITIES I-SM**

By:    /s/ Jon S. Hubbard
          Of Counsel

John C. Lynch, Esquire
Virginia State Bar No. 39276
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  (757) 687-7765
Facsimile:   (757) 687-1504
E-mail: john.lynch@troutmansanders.com

Jon S. Hubbard, Esquire
Virginia State Bar No. 71089
TROUTMAN SANDERS LLP
1001 Haxall Point

P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1406
Facsimile: (804) 698-5186
jon.hubbard@troutmansanders.com

*Counsel for Defendants HSBC Bank USA, N.A.,*
*as Trustee under the Pooling and Servicing*
*Agreement dated as of August 1, 2006,*
*Fremont Home Loan Trust 2006-B;*
*Litton Loan Servicing LP;*
*Wells Fargo Bank, N.A., as*
*Master Servicer on behalf*
*of Fremont Home Loan Trust 2006-B*
*Mortgage Electronic Registration Systems, Inc.;*
*Glasser and Glasser, P.L.C.;*
*John & Jane Doe Certificate Holders I-M Fremont Home Loan Trust 2006-B;*
*Jack & Jill Doe Certificate Holders I-M; and*
*Qui Chi Doe Association, corporations/entities I-M*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

>Christopher E. Brown, Esq.
>R. Michael Smith, Esq.
>6269 Franconia Road
>Alexandria, Virginia 22310
>Tel: (703) 924-0223
>Fax: (703) 924-1586
>Email: brownfirm@lawyer.com
>*Counsel for Plaintiff*
>
>Harold G. Belkowitz, Esq.
>Ober, Kaler, Grimes & Shriver
>1401 H Street, N.W., 5th Floor
>Washington, DC 20005-3324
>Tel: (202) 326-5037
>Fax: (202) 326-5267
>Email: hgbelkowitz@ober.com
>*Counsel for Defendant, Fremont Reorganization Corp.,*
>*f/k/a Fremont Investment & Loan Corp.*

I further certify that on the 15th day of April, 2010, a true and correct copy of the foregoing was sent via regular mail, postage prepaid, to the following:

>Nectar Projects, Inc.
>c/o Tina B. McDaniel
>104 N. Bailey Lane, Suite 100
>Purcellville, Virginia 20132
>*Defendant*
>
>Long & Neyhart, P.C.
>c/o Tracy Neyhart, Esq.
>210 Otey Street
>P.O. Box 196
>Blacksburg, Virginia 24060
>*Defendant*

/s/ Jon S. Hubbard
Jon S. Hubbard, Esquire
Virginia State Bar No. 71089
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1406
Facsimile: (804) 698-5186
jon.hubbard@troutmansanders.com

*Counsel for Defendants HSBC Bank USA, N.A.,
as Trustee under the Pooling and Servicing
Agreement dated as of August 1, 2006,
Fremont Home Loan Trust 2006-B;
Litton Loan Servicing LP;
Wells Fargo Bank, N.A., as
Master Servicer on behalf
of Fremont Home Loan Trust 2006-B
Mortgage Electronic Registration Systems, Inc.;
Glasser and Glasser, P.L.C.;
John & Jane Doe Certificate Holders I-M Fremont
Home Loan Trust 2006-B;
Jack & Jill Doe Certificate Holders I-M; and
Qui Chi Doe Association, corporations/entities I-M*

1937234v1